IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHELTER MUTUAL INSURANCE, | ) |
| | ) |
| *Plaintiff,* | ) No. 3:07-0112 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Knowles |
| ROBERT H. GREGORY and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM ORDER

Two (2) dispositive motions are pending before the Court in the above-captioned matter. Defendant Robert H. Gregory ("Gregory") filed a Motion to Dismiss (Doc. No. 12) to which Plaintiff Shelter Mutual Insurance ("Plaintiff" or "Shelter"), and Defendant United States of America ("United States" or "Government") each filed a Response in Opposition (Doc. Nos. 16 and 18). The United States has also filed a Motion for Summary Judgment (Doc. No. 32), to which Gregory has filed a Response (Doc. No. 34). The Government subsequently filed a Reply to Gregory's Response (Doc. No. 44).

For the reasons stated herein, Defendant Gregory's Motion to Dismiss is **DENIED** and Defendant United States' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

### I. FACTUAL OVERVIEW AND PROCEDURAL HISTORY

Defendant Robert Gregory owns a dwelling located in Davidson County, Tennessee that

-1-

was insured under policy #41-73-3573878-4 issued by Plaintiff with a dwelling coverage limit of $173,000.00. After the dwelling was damaged by fire in September 2006, Gregory submitted an insurance claim to Shelter in the amount of $173,000.00 for the fire damage and a claim for $3,600.00 for loss of rental income. Through the course of the investigation of the fire loss, however, Plaintiff learned that the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien with the Register of Deeds for Davidson County, Tennessee on February 10, 2005 against all property and rights to property belonging to Gregory due to unpaid tax assessments for 1997, 1998, 1999, and 2001. (See Doc. No. 8-1.) Gregory subsequently informed Shelter in writing of his objection to any payment made from the policy proceeds to the IRS. (See Doc. Nos. 8-2, 31.)

Plaintiff concedes that a total of $176,900.00 is payable under Gregory's insurance policy, but remains uncertain whether that sum is payable to Gregory and/or the IRS due to the tax lien. Accordingly, on January 25, 2007, Plaintiff brought an interpleader action against Gregory and the United States before this Court to resolve the adverse claims to the property, and to discharge Plaintiff from any liability to the Defendants. (Doc. No. 1.) Plaintiff's original Interpleader Complaint ("Original Interpleader Complaint") stated generally that the case was brought pursuant to 28 U.S.C. § 2410,[1] and alleged that this Court's jurisdiction to hear the matter was based on diversity of citizenship pursuant to 28 U.S.C. § 1332,[2] as well as 28 U.S.C.

---

[1] Section 2410 states in relevant part, "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(5).

[2] Section 1332 governs jurisdiction of federal courts based on diversity of citizenship, stating in relevant part that the "district courts shall have original jurisdiction of all civil actions

-2-

§ 1346.[3] (Id.)

On January 30, 2007, Magistrate Judge Knowles ("Magistrate Judge") filed a Report and Recommendation that this action be dismissed without prejudice because this Court lacks subject matter jurisdiction over the case based on Plaintiff's claim of diversity of citizenship. (Doc. No. 7.) The Magistrate Judge reasoned that 28 U.S.C. § 1332 cannot apply in the present interpleader action because the United States cannot be sued in diversity, as it is not a citizen of any state. (Id.); see also Gen. Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991); Koppers Co., Inc. v. Garling & Langlois, 594 F.2d 1094, 1097 n.1 (6th Cir. 1979). The Magistrate Judge also found 28 U.S.C. § 1346 inapplicable to the instant case, noting that the statutory provision provides federal district courts with original jurisdiction for certain classes of cases, none of which applied to the instant matter. See 28 U.S.C. § 1346. Further, the Magistrate Judge stated that to the extent Plaintiff relied on 28 U.S.C. § 2410 to establish jurisdiction, such reliance was misplaced as "that statute is merely a waiver of the sovereign immunity of the United States, which allows the United States to be named as a Defendant in certain circumstances" but first requires that the court have proper jurisdiction of the subject matter, which remained absent in this case. (Doc. No. 7.)

Three (3) days after the filing of the Magistrate Judge's Report and Recommendation and prior to the filing of any responsive pleadings, Plaintiff filed an Amended Interpleader Complaint ("Amended Interpleader Complaint"), this time specifying that the interpleader action was

---

where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

[3] Section 1346 gives federal district courts jurisdiction to hear certain cases where the United States is named as a defendant. 28 U.S.C. § 1346.

brought pursuant to Federal Rule of Civil Procedure ("FRCP") 22, and alleging subject matter jurisdiction based on the presence of a federal question rather than diversity.[4] According to Plaintiff's Amended Interpleader Complaint, federal question jurisdiction is created through 26 U.S.C. §§ 6321,[5] 7403,[6] and 28 U.S.C. §§ 1331 and 1340.[7] (Doc. No. 8.) Gregory filed a Motion to Dismiss on March 14, 2007, alleging that dismissal of the Amended Interpleader Complaint was appropriate for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. No. 12); FED. R. CIV. P. 12(b).

The Government, thereafter, filed a counterclaim against Shelter and a cross-claim

---

[4] Plaintiff also filed an Objection to Magistrate Knowles' Report and Recommendation, arguing that the Amended Interpleader Complaint now alleges subject matter jurisdiction based on a federal question arising under the Internal Revenue Code of 1986, Chapter 64 Collection, rather than jurisdiction based on diversity of the parties. (Doc. No. 9.) In light of Plaintiff's amended pleadings, which contain wholly different allegations of subject matter jurisdiction from what the Magistrate Judge reviewed, the Court **REJECTS as moot** the Magistrate Judge's Report and Recommendation.

[5] "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

[6] Section 7403 of Title 26 provides in relevant part that "[i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a).

[7] Section 1331 of Title 28 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1340 provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340.

against Gregory, both pursuant to 26 U.S.C. §§ 7401-7403. The Government alleges in its Amended Answer, Counterclaim and Cross-Claim that it has valid and subsisting federal tax liens on all Gregory's property and rights to property as a result of his unpaid federal income taxes, interest and penalties from years 1997, 1998, 1999, 2001, 2002, and 2003, totaling $139,656 as of March 26, 2007. Further, the Government asserts that Gregory failed to pay his tax liabilities for years 2004 and 2005, resulting in an additional amount owed as of June 29, 2007 of $74,297. The Government seeks an Order from the Court: (a) declaring that the United States has valid and subsisting federal tax liens on Gregory's property and rights to property, including the $176,900 of insurance proceeds held by Plaintiff; (b) determining that Gregory has a tax liability for the years 2004 and 2005; and (c) foreclosing the federal tax liens for tax years 1997, 1998, 1999, 2001, 2002 and 2003 and the judgment liens for tax years 2004 and 2005 against the insurance proceeds held by Plaintiff. (Doc. No. 29.)

On August 16, 2007, the Government filed a Motion for Summary Judgment, seeking judgment on its counter-claim and cross claim. (Doc. No. 32.) The merits of Gregory's Motion to Dismiss and the Government's Motion for Summary Judgment are discussed below.

## II.   DEFENDANT GREGORY'S MOTION TO DISMISS

### A.   *Legal Standard*

When considering a motion to dismiss, the allegations in the Complaint will be construed broadly and liberally in conformity with FRCP 8(f). FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 8(f). Additionally, all well-pleaded facts in the Complaint are taken as true, and the Court will draw all reasonable inferences in favor of the pleader from the underlying facts. Ludwig v. Bd.

of Trs. of Ferris State Univ., 123 F.3d 404, 408 (6th Cir. 1997).

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, 287 F.3d 568, 573 (6th Cir. 2002). The plaintiff must therefore show that the complaint alleges a substantial claim based on federal law. The motion to dismiss is defeated upon a showing of "any arguable basis in law for the claims set forth in the complaint." Id. (internal quotations omitted).

A motion under FRCP 12(b)(6) tests whether a cognizable claim has been pled in the complaint. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Under Rule 8(a), a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). However, a complaint "need not set down in detail all the particularities of a plaintiff's claim." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976)). Dismissal of a claim pursuant to Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts in support of his or her claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957).

## B. Analysis

Gregory argues in his Motion to Dismiss that the Court lacks subject matter jurisdiction based on diversity, referencing the Magistrate Judge's conclusions in the Report and Recommendation, and therefore contends that dismissal is appropriate pursuant to FRCP 12(b)(1). (Doc. No. 13.) Gregory also asserts that dismissal is appropriate under FRCP 12(b)(6), contending that Plaintiff's interpleader action falsely alleges that Shelter faces double liability

should payment be made to either Defendant, and does not constitute a cause of action. According to Gregory, double liability is not a realistic concern since, "the funds held by [P]laintiff are not reachable by levy and could not properly be made subject to levy," and therefore Plaintiff cannot be held liable by the Government for releasing the funds to Gregory. (Id.)

Shelter's Response to the Motion to Dismiss maintains that subject matter jurisdiction in this case is not based on diversity, but rather on the presence of a federal question pursuant to 28 U.S.C. § 1331. (Doc. No. 9.)[8] In support of its claim of jurisdiction under § 1331, Plaintiff contends that federal jurisdiction is proper in an interpleader action among non-diverse parties if federal question jurisdiction exists in a potential coercive action by the defendant. (Doc. No. 9); see CPS Elec., Ltd. v. United States, 166 F. Supp. 2d 727, 729-30 (N.D.N.Y. 2001). Therefore, Plaintiff asserts that because the Government can file (and indeed has filed) a civil action in federal court pursuant to 26 U.S.C. § 7403 to enforce the tax lien, and because 26 U.S.C. § 7403 creates a cause of action that involves a substantial question of federal law, this Court has jurisdiction over Plaintiff's interpleader action under 28 U.S.C. § 1331. (Doc. No. 9.) Plaintiff additionally argues that 28 U.S.C. § 1340 provides for federal jurisdiction in this case. According to Plaintiff, because the instant case arises from federal statutes involving internal revenue – specifically 26 U.S.C. § 6321, which creates a lien in favor of the United States on all property and rights to property of a person who has failed to pay any tax, and 26 U.S.C. § 7403, which permits the Government to file a civil action in federal district court to enforce an unpaid

---

[8] Plaintiff's Response to Motion to Dismiss does not contain additional briefing, but rather adopts by reference the arguments raised in its Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 9), as permitted by FRCP 10(c). See FED. R. CIV. P. 10(c).

-7-

tax lien – the Court has jurisdiction over this "civil action arising under [an] Act of Congress providing for internal revenue," as provided under 28 U.S.C. § 1340. (Doc. No. 9.)

The United States' Response to Gregory's Motion to Dismiss maintains that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 26 U.S.C. § 7402.[9] The Government contends that because it is acting pursuant to federal law pertaining to tax liens, specifically 26 U.S.C. § 6321 and 26 U.S.C. §§ 7401-7403, "the case arises under federal law since federal law created the cause of action." (Doc. No. 18); Blackmon Auctions v. Van Buren Truck Center, Inc., 901 F. Supp. 287 (W.D.Ark. 1995). As for Gregory's contention that Shelter failed to state a claim upon which relief may be granted, the Government rejects the argument as a "frivolous argument[] against the validity of the tax system." (Doc. No. 18.) Specifically, the Government argues that the constitutionality of the levy procedure has been upheld, see United States v. Nat'l Bank of Commerce, 472 U.S. 713, 721 (1985), and federal statutes permit the United States to seek foreclosure of valid and enforceable federal tax liens. See 26 U.S.C. §§ 7401-7403.

### 1. Subject Matter Jurisdiction

An interpleader action brought pursuant to FRCP 22 must establish subject matter jurisdiction, as the Rule only "provides a procedural framework for interpleader actions, but it does not confer subject matter jurisdiction on federal courts." Metro. Life Ins. Co. v. Marsh, 119 F.3d 415, 418 (6th Cir. 1997). Gregory argues that there is no subject matter jurisdiction in the instant interpleader case because the United States is not a citizen of any state and,

---

[9] The Government also makes cryptic reference to 28 U.S.C. § 1346 as grounds for subject matter jurisdiction, but provides no elaboration. (Doc. No. 18.)

-8-

therefore, the parties are not diverse as required by 28 U.S.C. § 1332. (Doc. No. 13.) While the assertion that the United States cannot be sued in diversity is accurate, Koppers Co., Inc., 594 F.2d at 1097 n.1, the Court finds Gregory's argument clearly mooted by Plaintiff's Amended Interpleader Complaint, which was filed prior to Gregory's Motion to Dismiss and makes no allegations of subject matter jurisdiction based on diversity. (See Doc. No. 8.) The Court, therefore, rejects Gregory's argument for lack of subject matter jurisdiction. Nevertheless, the Court must determine whether it has subject matter jurisdiction to hear the instant interpleader action. See Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998).

Where there is no diversity among the parties, jurisdiction must generally stem from a federal question established in a well-pleaded complaint. Miller v. Norfolk and W. Ry. Co., 834 F.2d 556, 563 (6th Cir. 1987). Plaintiff's Amended Interpleader Complaint does not allege a federal question. However, courts have determined that, given the unusual nature of interpleader actions, federal question jurisdiction can exist in such actions even when a federal question is absent on the face of a well-pleaded complaint if such jurisdiction would have existed in a coercive action by the defendant. Cf. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 5-7 (1983) (discussing declaratory judgment suits); Bell & Beckwith v. United States, 766 F.2d 910, 914 (6th Cir. 1985) (applying the same reasoning to interpleader actions). In other words, an interpleader action may stake subject matter jurisdiction on "a defense to a claim that would raise a federal question and that defendant could have asserted in a coercive action." Bell & Beckwith, 766 F.2d at 912. The question then is whether a coercive action brought by either Gregory or the United States would require

Case 3:07-cv-00112 Document 47 Filed 01/08/08 Page 9 of 20 PageID #: 257

the determination of a federal question.

Discussion of a coercive action by Defendants is not a mere hypothetical exercise in the instant case, given that the Government filed a counterclaim against Shelter and a cross-claim against Gregory seeking to obtain the insurance proceeds pursuant to 26 U.S.C. §§ 7401-7403. In United States v. Brosnan, the Supreme Court described federal tax liens as "wholly creatures of federal statute," and concluded that "matters directly affecting the nature or operation of such liens are federal questions, regardless of whether the federal statutory scheme specifically deals with them or not." 363 U.S. 237, 240 (1960). Indeed, courts determining jurisdiction for interpleader actions have commonly found that an IRS action to enforce a tax lien arises under federal law, thereby conferring federal question jurisdiction on the interpleader action. See, e.g., St. Louis Union Trust Co. v. Stone, 570 F.2d 833 (8th Cir. 1978); CPS Elec., Ltd. v. United States, 166 F. Supp. 2d 727 (N.D.N.Y. 2001); Amoco Prod. Co v. Aspen Group, 8 F. Supp. 2d 1249 (D.Colo. 1998); Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc., 901 F. Supp. 287 (W.D.Ark. 1995). It is clear to this Court that the present case is a matter that directly affects the nature or operation of a lien, given the United States' effort to enforce a federal tax lien according to federal law and Gregory's dispute as to the appropriateness of the Government's actions. The Court therefore concludes that it has federal question jurisdiction over Plaintiff's interpleader claim,[10] and **DENIES** Gregory's

---

[10] The Court is aware of the Sixth Circuit decision finding no subject matter jurisdiction for an interpleader action after determining that anticipated coercive actions by the IRS would not present a substantial federal question. See Bell & Beckwith v. United States, 766 F.2d 910 (6th Cir. 1985). Bell & Beckwith, however, is distinguishable from the instant case, and the Court's decision remains consistent with the Sixth Circuit's determination. In Bell & Beckwith, an interpleader action was filed against the government and Donna Cannon after the IRS levied a

-10-

Motion to Dismiss for lack of subject matter jurisdiction.[11]

2. **Claim Upon Which Relief Can Be Granted**

Gregory raises a second ground for dismissal, namely that Plaintiff failed to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). As noted, Plaintiff brings its interpleader suit pursuant to Rule 22, which states in relevant part that "(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." FED. R. CIV. P. 22.

The purpose of such an interpleader action is to "enable a defendant to precipitate a plaintiff's suit in order to avoid multiple liability or other inconvenience." Bell & Beckwith, 766 F.2d at 914 (quoting Thomas v. Shelton, 740 F.2d 478, 485 (7th Cir. 1984)). In the present action, Shelter claims no ownership over the policy proceeds, but alleges that it may be exposed to double liability if payment is made to either Gregory or the United States. (Doc.

---

tax lien on an investment account under Cannon's name. The IRS asserted that the funds in the account actually belonged to a Dr. Zimmer, and were owed to the government to pay Zimmer's tax liabilities. Cannon asserted that the account was rightfully hers. The Sixth Circuit recognized that the threshold issue among the parties was a determination of who owned the investment account, Cannon or Zimmer, which was a matter to be decided by state law. Id. at 915. Analyzing the availability of federal question jurisdiction for the interpleader action, the Sixth Circuit considered possible coercive actions, and held that "[b]ecause determination of a state-law issue could have obviated the need for resolution of any federal issue, examination of the possible coercive actions against Bell & Beckwith reveals that this interpleader action was not within the court's jurisdiction under 28 U.S.C. § 1331." Id. at 916. The instant case presents no such threshold state law determination. The claims brought by the United States raise a federal question that must be decided, therefore subject matter jurisdiction is present for the interpleader action.

[11] Finding federal question jurisdiction under 28 U.S.C. § 1331, the Court declines to assess the merits of the parties' remaining grounds for subject matter jurisdiction.

-11-

No. 8.) The Court finds that the Government and Gregory are indeed adverse claimants to the policy proceeds, both insisting that the funds belong exclusively to them. Plaintiff's concerns of potential double liability are well-founded. Moreover, Gregory's effort to challenge the Government's interest in the policy proceeds by questioning the legitimacy of tax levies lacks authority and is irrelevant to the issue. The focus of the instant matter is the validity and enforcement of tax liens, not tax levies. The Government need not implement an administrative levy in order to enforce its tax liens; a lien foreclosure suit under 26 U.S.C. § 7403 is certainly included among the Government's "arsenal of collection tools." Am. Trust v. Am. Cmty. Mut. Ins. Co., 142 F.3d 920, 922-23 (6th Cir. 1998). Plaintiff has pled a cognizable claim under FRCP 22 and, therefore, the Court rejects Gregory's argument that Plaintiff has failed to state a claim on which relief can be granted. Therefore, the Court **DENIES** Gregory's Motion to Dismiss for failure to state a claim.

## II.  DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT

### A.  *Legal Standard*

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts, and reasonable inferences to be drawn from those facts, must be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In order to succeed, the moving party must show that there is an absence of evidence to support the non-moving party's case and that "the evidence is so one-sided that one party must prevail as a matter of law." Lexington-South Elkhorn Water Dist. v. City of Wilmore, 93 F.3d 230, 233 (6th Cir. 1996). A movant for summary judgment makes a

-12-

Case 3:07-cv-00112  Document 47  Filed 01/08/08  Page 12 of 20 PageID #: 260

sufficient showing by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues to support the non-movant's case. See Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. See id. The non-movant may not rely solely on conclusory allegations in the pleadings to defeat a motion for summary judgment, but must come forward with affirmative evidence that establishes its claims and raises genuine issues of material fact. Id. at 324. "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgment will be denied. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, if the evidence offered by the non-moving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the non-movant, the motion for summary judgment should be granted. Id. at 249.

### B. *Analysis*

In its Motion for Summary Judgment, the Government seeks judgments against Gregory in connection to unpaid tax liabilities from years 1997, 1998, 1999, 2001, 2002, 2003, 2004 and 2005, and seeks to obtain the insurance policy proceeds held by Plaintiff in order to satisfy these liabilities. (Doc. No. 32-7.) The Government asserts that it filed notices of federal tax liens attaching to all of Gregory's property as a result of his unpaid tax liabilities for the years 1997, 1998, 1999, 2001, 2002 and 2003, which totaled $140,854.00 as of May 7, 2007 and continues to accrue penalties and interest. (Doc. No. 32-7.) Attached as exhibits to the United States' Motion is a copy of the Notice of Federal Tax Lien filed with the Register of Deeds in Davidson County

-13-

Case 3:07-cv-00112 Document 47 Filed 01/08/08 Page 13 of 20 PageID #: 261

for unpaid assessments for years 1997, 1998, 1999 and 2001 (Doc. No. 32-108), a Facsimile Federal Tax Lien Document reflecting that a lien was filed at the same location for unpaid assessments for years 2002 and 2003 (Doc. No. 32-109), and certified official transcripts of Form 1040A, signed by an IRS official by the direction of the Secretary of the Treasury, for years 1997-2003 listing the dates when tax liability was assessed, notices of deficiency and notices of intent to levy were issued, and tax liens were filed (Doc. Nos. 32-101, 32-102, 32-103, 32-104, 32-105, 32-106, 32-107).

Additionally, the United States argues that it has examined Gregory's income tax liability for years 2004 and 2005 and concluded that as of August 4, 2007, Gregory owes $15,707 for 2004 and $1,107.33 for 2005, plus additional penalties and interest. (Doc. No. 32-7.) The Government contends that these conclusions warrant a judgment that it has valid and subsisting federal tax liens on Gregory's property, a judgment in favor of the United States for Gregory's alleged tax liabilities for years 2004 and 2005, and a judgment foreclosing the federal tax liens and judgment liens against the insurance proceeds held by Shelter in the amount of Gregory's total tax liability. (Id.)

Gregory, in his Response, first asserts that federal tax liens relating to years 1997-1999 and 2001-2003 are deficient because tax liens must be supported by proper tax assessments. Gregory argues that the Federal Rules of Evidence demands that the Government supply, at the very least, a certified copy of the tax assessments in order to obtain summary judgment. See FED. R. EVID. 1002, 1004. Additionally, Gregory argues that there is no evidence that any alleged assessments were ever signed by an authorized person as required by 26 U.S.C. §

6020(b).[12] (Doc. No. 40.) Responding to the allegations of tax liability for years 2002 and 2003, Gregory asserts and submits a declaration stating that he requested a collections due process hearing for those years which has not received a final disposition, and therefore any lien must be held in abeyance during the process pursuant to 26 U.S.C. § 6330. (Id.; Doc No. 38.) Finally, with respect to claims of tax liabilities for years 2004 and 2005, Gregory contends that he only recently received a Notice of Deficiency for taxes owed from those years, and he is entitled to a 90-day period to appeal the matter. He further argues that there are no assessments conducted for years 2004 and 2005, therefore, there is no basis for a judgment lien on his property. (Doc. No. 40.)

The Government's Reply asserts that it established a prima facie case, and that Gregory failed to raise any genuine issue of fact, cite law supporting his claims, or deny his tax liability.[13] (Doc. No. 44.) The United States denies that certified copies or original assessments are necessary to establish tax liability. The Government further contends that 26 U.S.C. § 6330 is

---

[12] Section 6020(b) provides that "if any person fails to make any return required by any internal revenue law or regulation . . . the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise," and "[a]ny return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes." 26 U.S.C. § 6020(b).

[13] The United States also filed a Motion to Strike Gregory's Opposition to Summary Judgment, calling for the Court to strike Gregory's Response papers on the basis that Gregory's Response was unsigned and that Gregory's arguments against summary judgment are frivolous and unsupported by law. (Doc. No. 39.) Gregory subsequently re-filed a signed version of his Response to the Motion for Summary Judgment (Doc. No. 40), and filed a Response to the Motion to Strike reiterating the same arguments raised in his summary judgment Response (Doc. No. 41). The Court rejects the Government's arguments, and finds that the arguments raised in Gregory's Response are not wholly frivolous or unsupported by law. Furthermore, Gregory asserts that the unsigned memorandum of law was due to inadvertence, and has re-filed a properly signed copy. The Court, therefore **DENIES** the United States' Motion to Strike Gregory's Opposition to Summary Judgment (Doc. No. 39).

irrelevant to the case and therefore cannot prevent the collection of Gregory's tax liabilities for years 2002 and 2003. Finally, the Government argues that evidence of Gregory's tax liability for years 2004 and 2005 remains unrebutted, and that the law does not require an assessment to precede tax liability or collection. (Id.)

### 1. Tax Liabilities for Years 1997, 1998, 1999, 2001

The Government has provided ample evidence establishing that Gregory's tax liabilities were assessed, notice of delinquency was issued and resulting tax liens were filed for years 1997, 1998, 1999, and 2001. Gregory appears to challenge the validity of these liens, but in doing so, only raises inconsequential and hypothetical flaws in the Government's summary judgment evidence. As to Gregory's assumption that in order to prevail on summary judgment the United States must furnish certified, signed copies or originals of his tax assessments as required by Rules 1002 and 1004 of the Federal Rules of Evidence, the Court finds the argument misplaced and without legal support. Summary judgment evidence need not be in a form admissible at trial, and may be considered so long as it is relevant to the issue and not hearsay. Celotex, 477 U.S. at 324 ("Rule 56(e) permits . . . any of the kinds of evidentiary materials listed in Rule 56(c)."); N. Am. Specialty Ins. Co. v. Myers, 111 F.3d 1273, 1283 (6th Cir. 1997). Moreover, courts have routinely determined the validity of tax assessments based on certified transcripts reflecting the same assessments. See, e.g., United States v. Townley, 181 Fed. App'x 630, 631 (9th Cir. 2006); Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992).

Gregory's assertion that the tax assessments are faulty because there is no evidence that the assessments were subscribed by the Secretary per 26 U.S.C. § 6020(b) fares no better. Notably, Gregory provides no evidence to support this claim. It is well established that a non-

-16-

movant may not survive a summary judgment challenge by raising the "mere possibility" of a factual dispute. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992). The Government has submitted as evidence certified records documenting the tax assessments for Gregory. These records have been signed by IRS officers under the direction and seal of the Secretary of the Treasury. The Court finds that these records are sufficient evidence to show the validity of the assessments against Gregory. See Gentry, 962 F.2d at 557 (6th Cir. 1992). Accordingly, the Court finds no genuine issue of material fact regarding the validity of federal tax liens against Gregory for years 1997, 1998, 1999, and 2001.

## 2. Tax Liabilities for Years 2002 and 2003

Gregory seeks to prevent the Government's attempt to enforce tax liens for years 2002 and 2003, submitting a sworn declaration and arguing that a Collections Due Process hearing is underway, and therefore, under 26 U.S.C. § 6330, enforcement would be improper while the final determination of his Collections Due Process hearing for those years remains pending. Although the Government is quick to discount Gregory's argument, reasoning that § 6330 pertains to tax levies rather than tax liens, the Court finds that Gregory's argument bears weight.

Not mentioned by either the Government or Gregory is 26 U.S.C. § 6320, which allows taxpayers who have been served with a notice of federal tax lien the right to request what is commonly referred to as a Collections Due Process hearing. See 26 U.S.C. § 6320(b). Section 6320 also incorporates certain procedures set forth under a similar statute, 26 U.S.C. § 6330, which provides a similar hearing procedure when a notice before *levy* has been issued. 26 U.S.C. § 6320(c). Specifically incorporated for the tax lien due process hearing is 26 U.S.C. § 6330(e), which states in relevant part that "the levy actions which are the subject of the requested hearing .

-17-

. . shall be suspended for the period during which such hearing, and appeals therein, are pending." Accordingly, the Court concludes that, as is the case for due process hearings for tax levies, collection activities against tax liens must likewise be suspended while a due process hearing is underway pursuant to 26 U.S.C. § 6320. See Johnson v. I.R.S. Appeals Office, No. L-06-350, 2006 WL 3802619, at *1 (D.Md. Oct. 30, 2006); Roundtree v. Snow, No. 05-0693, 2006 WL 1478512, at *1 (N.D.Okla. May 23, 2006). Finding that a genuine issue of material fact is present, the Court determines that summary judgment permitting the enforcement of tax liens for tax liabilities for years 2002 and 2003 is inappropriate.

### 3. Tax Liabilities for Years 2004, 2005

In contrast to the other tax liabilities the Government seeks to obtain through the enforcement of tax liens, the United States seeks judgment on Gregory's tax liabilities for years 2004 and 2005 through a common-law action stemming from its common-law right to sue on a debt. (See Doc. No. 29.) It is generally accepted that the Government may proceed under two (2) methods in order to satisfy a taxpayer's obligation – either through summary collection procedures, such as a tax lien or tax levy, or through its common-law right to sue for outstanding debt. See United States v. Sarubin, ___ F.3d ___, 2007 WL 3408550, at *3 (4th Cir. Nov. 16, 2007); United States v. Jersey Shore State Bank, 781 F.2d 974, 979 n.4 (3d Cir. 1986); Damsky v. Zavatt, 289 F.2d 46, 51 (2d Cir. 1946). Although assessment of the tax liability and notice of the assessment to the taxpayers are typically required in order for the United States to proceed with summary collection procedures, see 26 U.S.C. §§ 6302, 6303(a), the necessity of these practices prior to a common-law action to obtain taxes was once the subject of much dispute. The issue, however, has since been thoroughly settled by federal courts. In United States v.

Case 3:07-cv-00112 Document 47 Filed 01/08/08 Page 18 of 20 PageID #: 266

Berman, the question was presented before the Sixth Circuit, which conclusively held that neither assessments of tax liabilities nor notice of the assessments are necessary before the government may exercise its common-law right to sue for unpaid taxes. 825 F.2d 1053, 1060 (6th Cir. 1987). The Sixth Circuit endorsed the logic applied by other circuit courts, reasoning that the notice provision of § 6303(a) "was designed to protect the taxpayer only where the summary powers of the IRS to collect taxes administratively are concerned, and does not restrict the government's right to maintain a civil action against the taxpayer to obtain judgment for the amount due." Id.; see also Jersey Shore, 781 F.2d 974; Sarubin, ___ F.3d ___, 2007 WL 3408440, at *3.

The Government in this case has provided evidence of Gregory's outstanding tax liabilities for years 2004 and 2005. Gregory provided no evidence to dispute these claims. Accordingly, the Court finds that judgment in favor of the Government shall be granted regarding Gregory's tax liabilities for years 2004 and 2005.

### III. CONCLUSION

For the reasons cited above, this Court finds it has subject matter jurisdiction over the interpleader action pursuant to 28 U.S.C. § 1331, and concludes that Plaintiff has properly alleged a claim that would entitle it to relief under Federal Rule of Civil Procedure 22 in its Amended Interpleader Complaint. Therefore, this Court hereby **DENIES** Defendant Gregory's Motion to Dismiss.

Furthermore, the Court **GRANTS in part** and **DENIES in part** Defendant United States' Motion for Summary Judgment. The Court **GRANTS** summary judgment in favor of the Government with respect to the validity, enforcement and foreclosure of tax liens related to Gregory's tax liabilities for years 1997, 1998, 1999 and 2001, and **GRANTS** judgment in favor

of the Government for Gregory's tax liabilities from years 2004 and 2005. The Government's Motion for Summary Judgment as it pertains to the enforcement of tax liens resulting from tax liabilities arising from years 2002 and 2003 is **DENIED.**

The Court hereby **REFERS** this matter to Magistrate Judge Knowles to direct the distribution of the insurance proceeds under policy # 41-73-3573878 in a manner consistent with this opinion.

It is so ORDERED.

Entered this the \_\_\_8\_\_\_ day of January, 2008.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT